**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

MATTHEW JONES,                         )
                                       )
              Plaintiff,               )
                                       )
       v.                              )     C.A. No.:  K25C-03-047 RLG
                                       )
KENT COUNTY SUPERIIOR                  )
COURT,                                 )
                                       )
              Defendants.              )

## ORDER

Submitted:  March 19, 2025
Decided:  May 16, 2025

Upon consideration of the Complaint and Application to Proceed *in forma pauperis* of Plaintiff Matthew Jones, the Court finds as follows:

After review of the motion to proceed *in forma pauperis*, the Court finds Mr. Matthews qualifies as indigent and approves the motion. As required by 10 <u>Del</u>. <u>C</u>. § 8803(b), the Court reviewed the accompanying Complaint.  In his Complaint, Mr. Jones alleges he suffered personal injuries inflicted upon him by Kent County Superior Court employees.  Mr. Jones previously filed similar complaints against the

1

Delaware State Police[1] and against Sussex County Superior Court.[2] The Court has reviewed Mr. Jones's Complaint, and finds it to be both legally and factually frivolous.

If the Court determines a complaint to be legally frivolous, factually frivolous, or malicious, the complaint must be dismissed.[3]

> A claim is factually frivolous where the factual allegations are "baseless, of little or no weight, value or importance, [or] not worthy of serious attention or trivial." A claim is legally frivolous where it is "based on an indisputably meritless legal theory." A claim is malicious when "designed to vex, injure or harass, or one which is otherwise abusive of the judicial process or which realleges pending or previously litigated claims."[4]

Mr. Jones alleges that, upon entering the courthouse, court employees attacked him with "anal rapes and gunshots."[5] He asserts these attacks happened "while [Mr. Jones] was actively serving as an U.S.A. Constituent [sic], like Ben Franklin is, on the $100 U.S.A. currency [sic]."[6] He further contends he suffered "gun shot wounds,

---

[1] Jones v. Delaware State Police, 2019 WL 6170847, at *1 (Del. Super. Nov. 19, 2019).

[2] Case ID No. S25C-03-019 MHC.

[3] Jones, 2019 WL 6170847, at *1 (citing 10 Del. C. S 8803(b)).

[4] Id. (citing 10 Del. C. § 8801(4), (7), and (8)).

[5] Compl. at 5.

[6] Id.

2

stabbings, Police Brown race H diseases [sic], bludgeonings with batons and clubs, fists punches and feet kicks, wrenching and twisting, grinding and squeezing, poisoning, anal rapes, burning, [and] falling."[7] Mr. Jones also suggests an unidentified injury caused by "the learned noises that they memorized to use as fatal weapons."[8] Lastly, Mr. Jones posits that "medicine used to raise the dead is chemically made out of trees that are at least two hundred fifty years old and the plants that only grow around them [sic]."[9]

"Mr. Jones's allegations are so incredible and so patently baseless that the Court is persuaded that they are factually frivolous."[10] The Court cannot discern any cognizable legal claims from Mr. Jones's Complaint. Given Mr. Jones's apparent pattern of filing similar complaints, it appears Mr. Jones's filings "are abusive of the judicial process."[11]

Under 10 Del. C. § 8803(e), this Court may enjoin a litigant from filing future claims absent leave of the Court. A litigant so enjoined must attach an affidavit to any future claims certifying that:

---

[7] Id.

[8] Id.

[9] Id. at 4.

[10] Jones, 2019 WL 6170847, at *2.

[11] Id.

3

(1) the claims sought to be litigated have never been raised or disposed of before in any court; (2) the facts alleged are true and correct; (3) the affiant has made a diligent and good faith effort to determine what relevant case law controls the legal issues raised; (4) the affiant has no reason to believe the claims are foreclosed by controlling law; and (5) the affiant understands that the affidavit is made under penalty of perjury.[12]

The Court finds the instant Complaint constitutes an abuse of the judicial process, and requires that Mr. Jones be enjoined from future filings under § 8803(e). Mr. Jones has been enjoined under § 8803(e) previously, and failed to comply with those requirements.[13] To the extent Mr. Jones seeks to submit any future filings with the Court, he must comply with the enumerated requirements of § 8803(e) noted above. Mr. Jones's Complaint is **DISMISSED** with prejudice, and service of process shall not issue.

 **IT IS SO ORDERED.**

_____
Reneta L. Green-Streett, Judge

RLG/ds

OC: Prothonotary
CC: Matthew Jones

---

[12] 10 Del. C. § 8803(e).

[13] Jones, 2019 WL 6170847, at *2-3.